UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| JOSIAH LINDSEY, an individual, | No. |
| Plaintiff, | COMPLAINT |
| v. | DEMAND FOR JURY TRIAL |
| MICHAEL NOLAN, individually, and JOHN GJOVIK, individually, | |
| Defendants. | |

## I.   NATURE OF THE CASE

1.1   This is a civil rights action brought under 42 U.S.C. § 1983 for damages arising from Michael Nolan's sexual harassment and abuse of the Plaintiff, along with actions and omissions by Nolan's supervisor, John Gjovik, that enabled his behavior. At the time of the events, the Plaintiff was incarcerated by the State of Washington at Naselle Youth Camp where Nolan worked as a juvenile rehabilitation counselor and supervisor. Nolan used his position to isolate the Plaintiff and groom him for sexual abuse by coercing the Plaintiff to swim naked and making overt sexual comments.  Gjovik facilitated this behavior by failing to take appropriate action against Nolan after being on notice that he engaged in inappropriate behavior and presented a risk of harm to incarcerated youth.  These violations caused the Plaintiff emotional distress, humiliation, personal indignity, embarrassment, and anxiety. Further, Nolan's conduct interfered with his ability to trust DYCF staff and participate meaningfully in the rehabilitative process.

COMPLAINT - 1

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

18938.00000 oa280101

## II. PARTIES

2.1  Plaintiff Josiah Lindsey is a man and a resident of Clark County, Washington. At all times relevant, Mr. Lindsey was incarcerated by the State of Washington at Naselle Youth Camp.

2.2  At all relevant times, Defendant Michael Nolan was an employee of the State of Washington, Department of Children, Youth & Families and was acting under color of state law. Upon information and belief, Mr. Nolan is a resident of Pacific County, Washington.

2.3  At all relevant times, Defendant John Gjovik was an employee of the State of Washington, Department of Children, Youth & Families, was acting as Defendant Michael Nolan's supervisor, and was acting under color of state law.  Upon information and belief, Mr. Gjovik is a resident of Pacific County, Washington.

## III. JURISDICTION AND VENUE

3.1  This Court has jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

3.2  Venue is appropriate in the Western District of Washington pursuant to 28 U.S.C. § 1391 because the events and omissions giving rise to the claims alleged here occurred within the Western District of Washington.

## IV. FACTS

### Naselle Youth Camp

4.1  Naselle Youth Camp is a non-fenced medium security facility that is operated by DCYF and provides educational and treatment services for male youth offenders.

4.2  Naselle is located in rural Pacific County. The camp is located near a forest and has a creek that runs through it, with several trails that access the forest.

4.3  One of the primary purposes of Naselle Youth Camp is to respond to the needs of its residents and facilitate in their rehabilitation.

4.4  The State assigns each youth at the camp a counselor whose job it is to assess the youth's needs and provide and facilitate appropriate treatment.

COMPLAINT - 2

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

18938.00000 oa280101

4.5     Naselle Youth Camp is considered a residential school that is required by state law to have a program of education for the youth confined there.  The educational options provided by Naselle include a high school diploma or General Equivalency Diploma (GED).

4.6     Naselle Youth Camp operates a "Native group" where residents can learn about Native American culture and partake in cultural activities such as ceremonies and crafts. One of the ceremonies offered to residents as part of "Native group" is a sweat lodge ritual.

4.7     The sweat lodge consists of a large tent with several tarps or blankets laid over the top. In the middle of the tent is a ring of rocks that can be heated up to create steam for the sweat. When the door to the lodge is closed, the lodge is very dark, as the only light comes from the glow from the hot rocks.

### Michael Nolan

4.8     At all times relevant, DCYF employed Michael Nolan as a Juvenile Rehabilitation Counselor or Juvenile Rehabilitation Supervisor.  As a supervisor, Nolan continued to carry a smaller counseling caseload.

4.9     Nolan's positions provided him with intimate access to youth confined at Naselle Youth Camp.  Nolan conducted one-on-one counseling sessions with residents, maintained resident treatment records and influenced treatment and programming decisions, performed searches of residents' bodies and personal effects, and exercised power over residents' activities and privileges, including contact with their families.

4.10    DCYF also assigned Nolan to lead the Native group.  As the group leader, Nolan invited residents to join the group, ran the sweat lodge ceremonies, and selected certain residents to help him set up the sweat lodge before each ceremony.

4.11    During the sweat lodge ceremonies, Nolan was frequently the only staff member inside the dark tent with the residents.

### Josiah Lindsey

4.12    The State of Washington incarcerated Josiah Lindsey at Naselle Youth Camp.

4.13    DCYF assigned Michael Nolan to be Josiah's counselor.

COMPLAINT - 3

4.14    While Josiah resided at Naselle, Nolan used his position as Josiah's counselor and leader of the Native group to gain Josiah's trust and groom him for sexual abuse.

4.15    Nolan invited Josiah to join the Native group and asked Josiah to go alone with him on several occasions to set up the sweat lodge.  Nolan also used his position as Josiah's counselor to take Josiah out of his residence and walk with him around the outdoor grounds of Naselle, under the guise of counseling sessions.

4.16    On several of these occasions between February and August 2018, Nolan took Josiah to a secluded body of water where Nolan swam naked.  Nolan coerced Josiah to swim naked with him by using his influence and authority as Josiah's counselor and by telling him swimming with clothes on was disrespectful to Native American culture.

4.17    While they were swimming, Nolan made comments to Josiah about the size of his and Josiah's respective genitalia.

4.18    After each occasion, Nolan pressured Josiah not to tell anyone they had gone swimming because Nolan could get in trouble.  Nolan told Josiah that he had taken him because Josiah was special.

4.19    After Josiah quit participating in the Native group and started refusing Nolan's invitations to go swimming, Nolan told Josiah that he needed room on his caseload for another resident.  Nolan told Josiah to fill out a form requesting a change of counselors.

4.20    Josiah briefly transferred to a different DCYF facility before returning to Naselle in late November 2018.

4.21    Upon his return, Nolan visited Josiah in his new residence lodge and asked him to go swimming again. Nolan became angry when Josiah refused.

4.22    Josiah suffered and has continued to suffer emotional harm as a result of these events, including emotional distress, humiliation, personal indignity, embarrassment, and anxiety. Further, Nolan's conduct interfered with Josiah's ability to trust DCYF staff and participate meaningfully in the rehabilitative process.

COMPLAINT - 4

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

18938.00000 oa280101

### Gjovik's Notice of Nolan's Misconduct

4.23     Throughout the time that Nolan abused the plaintiff, his inappropriate conduct toward young men confined at Naselle placed Nolan's supervisor, John Gjovik, on notice of a foreseeable risk that he was abusing the young men or grooming them for sexual abuse.

4.24     Nolan spent excessive amounts of time in one-on-one counseling with certain young men, including the Plaintiff.

4.25     Nolan did not adequately document his one-on-one counseling sessions.

4.26     Nolan spent excessive amounts of time taking certain young men, including the Plaintiff, out of their residence lodges for long walks on the secluded Naselle grounds.  On some occasions, Nolan would not take his radio with him on these walks, making it impossible for other staff to reach him.

4.27     Nolan engaged in excessive physical contact with Naselle residents, including Plaintiff, attempting to pass off this behavior as "horseplay" or part of his counseling relationship with the young men.

4.28     Nolan made inappropriate sexual remarks to other staff members about the young men confined at Naselle, including comments about their genitalia and speculation about their sexual orientation.

4.29     These behaviors by Nolan were warning signs for sexual misconduct or abuse. Gjovik knew or should have known that Nolan was committing sexual misconduct or abuse or grooming young men for abuse, including the Plaintiff, but Gjovik failed to act to prevent these harms.

### DCYF Investigates and Fires Nolan

4.30     In October 2019, DCYF began an administrative investigation into Nolan's conduct with youth at Naselle.

4.31     Following that investigation, which included interviews with current and former Naselle staff and residents, including the Plaintiff, DCYF concluded that Nolan had taken

COMPLAINT - 5

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

18938.00000 oa280101

Naselle residents to a secluded body of water, swam naked with them, and encouraged youth to participate naked in the sweat lodge ceremonies, in violation of numerous DCYF policies.

4.32   On May 11, 2020, as a result of the administrative investigation, DCYF terminated Nolan's employment.

## V.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### (Federal Civil Rights Violations Under 42 U.S.C. § 1983)

5.1   Plaintiff incorporates herein the facts described above.

5.2   Defendant Michael Nolan's actions in coercing or attempting to coerce the Plaintiff to swim naked with him violated the Plaintiff's rights to bodily privacy.

5.3   Nolan's actions in grooming the Plaintiff for sexual abuse and sexually harassing and abusing the Plaintiff violated the Plaintiff's rights to bodily integrity.

5.4   Nolan's actions in grooming the Plaintiff for sexual abuse and sexually harassing and abusing the Plaintiff were without penological justification and were done for Nolan's own sexual gratification.

5.5   Nolan's conduct towards the Plaintiff in coercing or attempting to coerce the Plaintiff to swim naked with him, grooming the Plaintiff for sexual abuse, and sexually harassing and abusing the Plaintiff was malicious, oppressive, or in reckless disregard of the Plaintiff's rights.

5.6   By virtue of the facts set forth above, Defendant Michael Nolan is liable to the Plaintiff for compensatory and punitive damages for deprivation of the Plaintiff's civil rights guaranteed by the Eighth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

5.7   Defendant John Gjovik knew or should have known of Nolan's violations of the Plaintiff's rights under the Eighth and Fourteenth Amendments to the Constitution but failed to act to prevent them.

5.8   Gjovik's conduct was in reckless disregard of the Plaintiff's rights.

COMPLAINT - 6

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

18938.00000 oa280101

5.9     By virtue of the facts set forth above, Defendant John Gjovik is liable to the Plaintiff for compensatory and punitive damages for deprivation of the Plaintiff's civil rights guaranteed by the Eighth and Fourteenth Amendments to the Constitution and 42 U.S.C. §1983.

### VI.    DEMAND FOR JURY

6.1     Plaintiff demands a trial by jury.

### VII.    DAMAGES

7.1     Defendants' violations of the law identified above have caused the Plaintiff damages, including but not limited to emotional distress, personal indignity, embarrassment, anxiety, anguish, loss of enjoyment of life, and interference with their ability to engage fully in the rehabilitative process. The Plaintiff reserves the right to seek all damages and remedies available under the law.

### VIII.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests relief against Defendants as follows:

8.1     Compensatory damages;

8.2     Punitive damages from the individual defendants on Plaintiff's claims pursuant to 42 U.S.C. § 1983;

8.3     Costs, including reasonable attorney's fees, under 42 U.S.C. § 1988 and to the extent otherwise permitted by law;

8.4     The right to conform the pleadings to the evidence presented at trial;

8.5     Such other relief as may be just and equitable.

//
//
//
//
//
//
//

COMPLAINT - 7

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

18938.00000 oa280101

DATED this 29th day of January, 2021.

MacDONALD HOAGUE & BAYLESS

By s/*Tiffany M. Cartwright*
Tiffany M. Cartwright, WSBA # 43564
tiffanyc@mhb.com
705 2nd Ave, Suite 1500
Seattle, WA 98104
206-622-1604

*Attorneys for Plaintiff*

MacDONALD HOAGUE & BAYLESS

By s/*Jesse Wing*
Jesse Wing, WSBA #27751
jessew@mhb.com
705 2nd Ave, Suite 1500
Seattle, WA 98104
206-622-1604

*Attorneys for Plaintiff*

COMPLAINT - 8

18938.00000 oa280101

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961